# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:12-cr-00286-LDG-PAL |
| vs. | **ORDER** |
| JUSTIN JEFFREY DAVIDSON, | |
| Defendant. | [Defendant's Motion to Reconsider Detention Status #16] |

Before the Court is Defendant's Motion to Reconsider Detention Status. (#16).

**Background:**

On January 31, 2013, the Court held an initial appearance on Defendant Davidson. Defendant was arraigned on Indictment and pleaded NOT GUILTY to count(s) 1 through 2. Defendant was detained and remanded to custody. (#11). Jury Trial is set for April 8, 2013. *Id.* The Court appointed Federal Public Defender to represent Defendant. (#10). On February 12, 2013, Defendant retained William B. Terry, Esq. to represent him as counsel of record. (#14). On February 26, 2013, Defendant filed the Motion to Reconsider Detention Status (#16) and the Government filed the Response to the Motion on February 26, 2013 (#17). No reply has been filed. On March 1, 2013, the parties filed a Stipulation to Continue Motion Deadlines, Calendar Call and Trial. (#18). Jury trial is continued to June 17, 2013. *Id.*

**Defendant's Position:**

Defendant requests that the Court reconsider the detention status and allow Defendant to be released with stringent conditions. (#16). Defendant states that the Government does not consider him

to be a high priority on their list of individuals to arrest.  The federal warrant was issued on August 7, 2012 and Defendant was arrested on January 29, 2013.  *Id.*  Defendant states that he is not a flight risk as he has family ties in Clark County, Nevada.    Defendant does not pose a danger to the community. During the detention proceedings, the Government displayed photographs of a safe showing the firearms in question along with body armor, police scanners and other items.  Defendant states that he did not live at the residence which was the subject matter of the search warrant and other individuals had access to the safe.  *Id.*

**Plaintiff's Position:**

The Government stated in their Opposition that Defendant poses a risk of nonappearance as well as a danger to the community.  (#17).  Detention hearing should not be reopened as Defendant has not satisfy the requisite threshold of presenting new and material information, unknown at the time of the original detention hearing.  Pursuant to Title 18, United States Code § 3142(f)(2)(B), detention hearing may be reopened if "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  *Id.* Defendant asserts that there was a five months lapse between the time he was indicted and the time he was arrested; however, Federal agents were actively searching for Defendant during the time of indictment.  With regards to the situation of the safe being at a residence that did not belong to the Defendant, the Government so informed the Court during the detention hearing.  *Id.*

Defendant is a risk of nonappearance and a danger to the community.  Defendant has a history of using a false social security number, has two "walkaways" from a residential treatment facility, and has a prior probation violation and revocation.  The Government believes that Defendant, "posed a danger to the community given the facts and circumstances of this case – to include the possession of a

"…grenade launcher, body armor vests, police scanner and those types of things found inside the safe of the home."

**Discussion:**

Pursuant to Title 18, United States Code § 3142(f)(2)(B), detention hearing may be reopened if "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." Defendant has not satisfied the requisite threshold of presenting new and material information, unknown at the time of the original detention hearing. Based on the information presented by the Government, the Court finds by clear and convincing evidence that Defendant is a risk of nonappearance and a danger to the community. The Detention Order Pending Trial (#12) will remain in effect.

IT IS HEREBY ORDERED that Defendant's Motion to Reconsider Detention Status (#16) is DENIED.

DATED this 28th day of March, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE